USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _8/26/2022_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Denise Hairston,                                     :
                                                     :        **OPINION AND ORDER ON**
                                                     :        **ATTORNEYS' FEE APPLICATION**
                              Plaintiff,             :
          -against-                                  :              20-CV-5600 (KHP)
                                                     :
Commissioner of Social Security,                     :
                                                     :
                              Defendant.             :
-------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge**

On March 9, 2022, the undersigned remanded this case to the Commissioner of Social

Security (the "Commissioner"), pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose

of conducting further administrative proceedings. (ECF Nos. 44-45.)  On June 6, 2022, Plaintiff

filed a motion for attorney's fees in the amount of $12,892.00 pursuant to the Equal Access to

Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Motion"). (ECF Nos. 46-48.)  Plaintiff also seeks an

additional $990 for having to draft a reply to the instant motion.  (ECF Nos. 52-53.)  Thus, Plaintiff

seeks a total of $13,882 in attorney's fees.  While the Commissioner does not (1) oppose the

hourly rate; (2) dispute that Plaintiff was a prevailing party; or (3) challenge the timeliness of the

motion; the Commissioner argues the request for compensation for 54.9 hours spent on the

merits is excessive and unreasonable and should be capped at 40 hours. (ECF No. 51.)  For the

reasons set forth below, the Court disagrees in part with the Commissioner and finds that

Plaintiff's counsel should be reimbursed for 45 hours of work. [1]

---

[1] Of note, the Commissioner does not challenge the hours spent by Plaintiff in preparing the instant motion, a total
of $1,804 based on 8.2 hours.  Thus, the Court finds that to be reasonable and adds that to the award below.

By way of background, Plaintiff, Denise Hairston, on behalf of her grandson, sought review of the Commissioner's decision that the grandson was not disabled under the Act from January 1, 2009, the onset date of his alleged disability.  Plaintiff argued that the ALJ failed to: (1) develop the record by obtaining the most recent treatment and educational records, (2) develop the record by failing to sufficiently question Plaintiff and her grandson at the hearing, and (3) identify which evidence he found persuasive and cherry-picked his findings from the various reports.  (*See* Complaint and Pl. Brief; ECF Nos. 1, 37.)  The Court remanded the case after finding that the ALJ failed to develop the record by failing to sufficiently question Plaintiff at the administrative hearing and obtain updated treatment records.  *Hairston v. Comm'r of Soc. Sec.*, 2022 WL 704011, at *7-10 (S.D.N.Y. Mar. 9, 2022).

## DISCUSSION

The EAJA authorizes the payment of fees in an action against the United States.  Eligibility for a fee award under the EAJA requires:

> (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that 'no special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990) (quoting the EAJA); *see generally Gomez-Beleno v. Holder*, 644 F.3d 139 (2d Cir. 2011) (applying *Jean*).  This Court finds that all four factors are met.

First, Plaintiff is a prevailing party.  The Supreme Court has held that a remand under sentence four of 42 U.S.C. § 405(g) is a final judgment that qualifies a plaintiff for prevailing

party status.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) ("[A] party who wins a

sentence-four remand order is a prevailing party.").  Here, on March 9, 2022, the Court

remanded this case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative

proceedings. (ECF Nos. 44-45.)  Thus, Plaintiff is a prevailing party.

Regarding the second factor, "[t]he Government bears the burden of showing that its

position was 'substantially justified,' and to meet that burden, it must make a 'strong showing'

that its action was 'justified to a degree that could satisfy a reasonable person.'"  *Healey v.*

*Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66

(1988)).  The Government does not contest this point and concedes that Plaintiff is entitled to

his reasonable attorneys' fees.

Third, this Court is unaware of any "special circumstances" that counsel against an EAJA

award.  And, the Court notes that Plaintiff qualifies for an award of fees because Plaintiff's net

assets are worth less than two million dollars.  *See* 12 CFR § 1071.103(b).  Fourth, Plaintiff's

Motion was timely filed within the thirty-day period required by 28 U.S.C. § 2412(d)(1)(B) and

the Government does not contest this point.

Turning to the issue of a reasonable fee award, the EAJA provides that the

> fees awarded . . . shall be based upon prevailing market rates for
> the kind and quality of the services furnished, except that . . .
> attorney fees shall not be awarded in excess of $125 per hour
> unless the court determines that an increase in the cost of living or
> a special factor, such as the limited availability of qualified
> attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(D)(2)A).  Cost of living increases since the $125 rate was set in 1996 can justify

a fee greater than $125 per hour.  *Id.*  The parties agree that the current adjusted rate is

3

$220.00, which is the rate requested by Plaintiff's counsel.  (ECF No. 47, Affidavit of James Baker ¶ 8 ("Baker Aff."); ECF No. 51, Def. Mem p. 5.)  Furthermore, this Court independently finds this rate is reasonable.  *See Garcia v. Comm'r of Soc. Sec.*, 2022 WL 1684280, at *2 (S.D.N.Y. May 26, 2022).

Plaintiff's counsel spent 54.9 hours working on this case from May 29, 2021 to March 9, 2022.  (Baker Aff. ¶ 5.)  Of note, counsel did not represent Plaintiff on the administrative level, thus his review included combing through Plaintiff's medical records, the administrative record, and the ALJ Decision.  (*Id.*)  Counsel states he also spent time considering and researching raising a "Sentence 6 'new and material evidence' motion" in light of the deficiencies in the record but ultimately decided not to make that motion.  (*Id.* at 6.)  The administrative record in this case was 556 pages.[2]  (ECF No. 27.)  Counsel's preparation and advocacy resulted in a remand.

However, the Government contends that the hours spent by Plaintiff's counsel on this case were excessive and that no more than 40 hours of time were warranted given what it characterizes as the routine nature of the issues in the case.  (Def. Mem pp. 1-4.)  Specifically, the Government points out that counsel's arguments relied on frequently litigated issues such as failure to develop the record and cherry-picked evidence.  (*Id.*)  Moreover, the Government asserts that the administrative record is fairly short in this case, only 556 pages and the five hours counsel spent preparing for settlement overlaps with the 23 hours sought for briefing the motion.  (*Id.* at 4-5.)  Lastly, the Government contends that counsel's argument that he had to

---

[2] Plaintiff's counsel incorrectly notes that the administrative record is 535 pages.  (Baker Aff. ¶7).

analyze the issues in light of the elimination of the "treating physician rule" is without merit given the central arguments raised by Plaintiff did not include such issues.  (*Id.*)

A determination of a reasonable attorneys' fee is a matter committed to the sound discretion of the trial court.  *See Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010).  In making the determination, the Court evaluates whether the number of hours expended were reasonable given the issues and specific nature of the case, as well as whether the proposed rate is reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The fee applicant bears the burden of establishing the reasonableness of both by, among other things, providing an itemized statement of hours spent on case-related work.  *See id.*; *Lee v. Astrue*, 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011).

A number of district courts within the Second Circuit have found that it is reasonable for a Plaintiff's attorney to spend 20-40 hours on a typical Social Security disability appeal in federal court.  *See, e.g.*, *Arlene S. v. Comm'r of Soc. Sec.*, 2022 WL 2479126, at *3 (D. Conn. July 6, 2022); *Arel v. Colvin*, 2015 WL 4429263, at *2 (D. Conn. July 20, 2015); *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014); *Grey v. Chater*, 1997 WL 12806, at *1 (S.D.N.Y. Jan. 14, 1997).  Courts also recognize that counsel's experience and familiarity with the record based on representation of the claimant during administrative proceedings are relevant to a determination of reasonable hours.  *See Barbour*, 993 F. Supp. 2d at 291.  At the same time, the Court looks at each case on its own merits, including the length of the administrative record and the number of issues raised by Plaintiff.

5

Here, the administrative record was 556 pages and Counsel spent between eight to twelve hours reviewing the administrative record.[3]  (Baker Aff. ¶ 5.)  As noted above, counsel did not represent Plaintiff on the administrative level, and thus required time to get up to speed.  Although Plaintiff's counsel is experienced, the Court recognizes that it takes time to comb through medical records, some of which are hard to read, and to prepare a brief.  Indeed, courts in this District have rejected the notion that experience alone should justify a reduction of hours.  *See, e.g., Daily v. Comm'r of Soc. Sec.*, 2020 WL 1322528 (S.D.N.Y. Mar. 19, 2020) (rejecting argument that hours should be reduced based in part on argument that Plaintiff's counsel had over 30 years' experience in Social Security law); *Coughlin v. Astrue*, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009) (refusing to penalize counsel for experience in fee application).

Nonetheless in light of the benchmark of 20-40 hours of attorney time in these cases, the modest administrative record (total of 556 pages), the length of Plaintiff's briefs (a substantive total of 32 pages including moving and reply), and the arguments raised therein (failure to develop the record and cherry-picked evidence), the Court finds Plaintiff's request for attorney's fees for 54.9 hour of attorney time on the merits to be excessive and warrants reduction when compared to similar cases.  *See Kilgour v. Comm'r of Soc. Sec.*, 2022 WL 2918235, at *3 (E.D.N.Y. July 25, 2022) (finding reasonable where "Seelig Law Offices spent 24.25 hours reviewing a 996-page transcript, drafting a 31-page opening brief, and obtaining a stipulation of remand); *Bass v. Kijakazi*, 2022 WL 1567700, at *4-5 (S.D.N.Y. May 18, 2022)

---

[3] On August 1, 2021, Plaintiff's counsel spent 3.5 hours reviewing the file and drafting a settlement proposal. It's unclear from the entry how long each of these two tasks took counsel to complete.

(finding reasonable a total of 24 hours spent where the administrative record was 712 pages, counsel drafted a 22 page memorandum of law and issues raised were not complex, and obtained an excellent result); *Price v. Comm'r of Soc. Sec.*, 2022 WL 1567463, at *1 (S.D.N.Y. May 18, 2022) (finding reasonable 57.9 hours of attorney time where the administrative record was 1,551 pages); *Gokey v. Berryhill,* 2021 WL 5014576, at *3 (S.D.N.Y. Oct. 27, 2021) (finding reasonable a total of 34.9 hours spent where the administrative record was 418 pages, counsel drafted a 25 page memorandum of law, and was successful); *Arlene S.*, 2022 WL 2479126, at *3 (finding reasonable 38.3 hours of attorney time where the administrative record was 1,797 pages, counsel submitted thorough briefs, and prepared a response to a motion to dismiss); *Santiago v. Comm'r of Soc. Sec.*, 2020 WL 7335310, at *4 (S.D.N.Y. Dec. 14, 2020) (finding reasonable 47.7 hours of attorney time spent on the merits where the administrative record was 1,113 pages, the legal issues implicated were not unusually complex, "counsel was required to scour that record in order to make seven distinct arguments regarding errors made by the ALJ," and counsel did not represent Plaintiff at the administrative level and was "required to review and familiarize himself with the case"); *Tagliavento v. Berryhill*, 2017 WL 3866021, at *1 (W.D.N.Y. Sept. 5, 2017) (noting "it was reasonable to bill 23 hours—less than one hour per page of the submitted motion—to review the transcript, conduct legal research, and draft the motion").

Given the fact that counsel did not represent Plaintiff on the administrative level and considered making additional arguments, the Court finds that an award that compensates counsel for more than 40 hours is warranted.  However, to the extent that Plaintiff's counsel had to spend time on the "development and articulation of legal theories to replace reliance on

7

this familiar crutch[,]" the elimination of the "treating physician rule", it is without merit.  (Pl. Reply, p. 6.)  Plaintiff's briefs do not materially discuss the changes to the treating physician rule or the new factors such as supportability and consistency.  Rather, Plaintiff argues that the ALJ cherry-picked evidence, which is a not a novel argument and dates back to at least 2010 in this Circuit.  *See Seaton v. Astrue*, 2010 WL 2869561, at *11 (N.D.N.Y. July 19, 2010).

In light of all of the above, the Court finds that a slight reduction of the time is warranted and that reimbursement for 45 hours of attorney time for work on the merits of the case is warranted.[4]  Plaintiff is also entitled to 8.2 hours of attorney time related to the instant motion, for a total award of 53.2 hours.  This totals $11,704.

## CONCLUSION

For the reasons set forth above, Plaintiff is awarded $11,704 in attorney's fees pursuant to the EAJA.

**SO ORDERED.**

Dated:        August 26, 2022
              New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

---

[4] Although Plaintiff's counsel admits that a paralegal could have done certain tasks, the Court does not find a further adjustment is warranted given this reduction.